Turret, J.
delivered the opinion of the court.
The Union Bank of Tennessee recovered a judgmen t against Thomas J. Porter, a non-resident debtor, by attachment; the judgment was rendered a few days before the expiration of *169 the period of six months, which is directed by the act 1794, chap. 1, to be given before a judgment shall be taken in the case of attachment against non-resident debtors. Upon this judgment an execution was issued and levied, upon the tract of land in dispute, which was sold and bought by the defendant, and this bill is now filed by the complainants, the widow and child of Thomas J. Porter, to set aside and vacate the judgment and sale as being void, because the judgment was obtained at an improper time.
The Chancellor thought that the judgment was void, and so decreed. In this we think he manifestly erred.
The court had jurisdiction of the subject matter, and also of the person of Porter by the attachment of his property: and the provision of the act of 1794, directing a delay of six months after the return of the process before judgment, is only a provision of practice, as much so as is that which gives a defendant three days after the filing a declaration to plead. The taking a judgment by default before the expiration of the time specified in either case, is a mere irregularitj'-, which does avoid the judgment, but for which it may be reversed or set aside upon motion, upon the application of the defendant.
Decree reversed and bill dismissed.